121 P.3d 829

**STATE of Arizona, Plaintiff,**

v.

**Bobby Lee TANKERSLEY, Defendant.**

**No. CR–01–0446–PC.**

Supreme Court of Arizona.

Oct. 25, 2005.

---

**ORDER**

PER CURIAM.

Bobby Lee Tankersley was convicted of first degree murder and sexual assault in 1993. He was sentenced in 1994 to death for the murder and to a consecutive aggravated sentence for the sexual assault. This Court affirmed Tankersley's convictions and sentences on direct appeal. *State v. Tankersley,* 191 Ariz. 359, 956 P.2d 486 (1998).

At trial, DNA evidence was presented by the State to establish that Tankersley could not be eliminated as the source of a hair found at the murder scene. A forensic odontologist, Dr. Norman Sperber, testified that it was "highly probable" that Tankersley had bitten the victim's left breast. Another forensic odontologist, Dr. Raymond Rawson, testified that Tankersley's teeth "matched" various bite marks on the victim.

After Tankersley's conviction was affirmed on direct appeal, an automatic notice of post-conviction relief was filed pursuant to Arizona Rule of Criminal Procedure 32.4(a). Following an evidentiary hearing, the superior court denied relief, and Tankersley filed a petition for review in this Court.

While the petition for review was pending, another defendant convicted of first degree murder at whose trial Dr. Rawson had also testified about a "match" between the defendant's teeth and bite marks on the victim was exonerated by DNA testing. In light of this development, the State and Tankersley asked this Court to stay further proceedings on the petition for review to allow for additional DNA examination of the available remaining evidence. We granted that request and remanded the case to the trial court to "preside over the development of the new DNA evidence" and to "decide what effect, if any, the new evidence has on Petitioner's claims for post-conviction relief."

After further DNA testing was performed, the superior court held evidentiary hearings in November and December 2004. During those hearings testimony was presented concerning the new DNA analysis by experts retained by the State and Tankersley. Although these experts differed somewhat in their conclusions, all agreed that the DNA evidence did not definitively identify Tankersley as having bitten the victim or as the source for the hair at the crime scene.

Tankersley also presented expert odontological testimony at the hearing. Defendant's expert opined that all of the purported bite marks, except one on the victim's left breast, could not be conclusively identified as bite marks, and that the bite-mark evidence on the victim's left breast "is so poor and so weak" that "to use it for identification purposes is preposterous." Tankersley also presented evidence concerning recent studies casting doubts on the reliability of using bite-mark evidence on human flesh to identify a biter and about the similarity between Dr. Rawson's opinion in this case and in the case in which the defendant was later exonerated.

On December 23, 2004, the superior court entered a two-page order denying Tankersley's request for relief with respect to his convictions, but granting relief as to the death sentence and ordering resentencing proceedings before a jury.

The superior court's order stated that "the evidence presented is insufficient to exonerate the defendant of this crime." Nonetheless, the superior court found that the "inconclusive DNA as to critical bite marks may be argued to diminish the appearance of extreme brutality. The new DNA evidence also raises other questions as to what happened the night of the murder." The superior court also found that evidence presented at an earlier hearing concerning the defendant's "alcoholism and 'blackout'" was "newly discovered."[1] As to the bite-mark evidence, the superior court stated that it "had reexamined the newly discovered evidence casting doubt on the expert testimony of bite marks on the victim's body." The court then noted that "[t]he bite marks were a prime factor in this courts [*sic*] previous decision to exact the ultimate penalty." While concluding that the new DNA, alcoholism/blackout, or bite-mark evidence "standing alone, would be insufficient to change the result," the superior court said that "taken together and considered as a whole," this evidence justified a new sentencing proceeding before a jury.

Tankersley then filed a supplemental petition for review, arguing that he is entitled to a new trial not only for sentencing, but also on the underlying convictions. The State filed an opposition to that petition, but did not cross-petition for review and thus does not challenge the superior court's order concerning resentencing.

A defendant may obtain post-conviction relief by showing "[n]ewly discovered material facts probably exist and such facts probably would have changed the verdict or sentence." Ariz. R.Crim. P. 32.1(e). While not expressly so stating, the superior court apparently treated the DNA and bite-mark evidence presented during the post-conviction review proceedings as "newly discovered material facts" under Rule 32.1(e). In granting relief as to Tankersley's death sentence, the superior court necessarily must have concluded under Rule 32.1(e) that these facts "probably exist."

The superior court nonetheless found that these "newly discovered material facts" were insufficient to mandate relief on the underlying convictions. Because the bite-mark evidence presented at trial was a significant factor in the original convictions, Tankersley argues that the superior court could not have found this new evidence to "probably exist" for purposes of granting relief on Tankersley's death sentence without also granting similar relief as to the convictions.

Arizona Rule of Criminal Procedure Rule 32.8(d) requires that, in disposing of a petition for post-conviction relief after an evidentiary hearing, "[t]he court shall make specific findings of fact, and shall state expressly its conclusions of law relating to each issue presented." The superior court's brief order does specifically find that the DNA evidence was "inconclusive . . . as to critical bite

---

1. The superior court had previously held in 2000 that the defendant had presented "a colorable claim of an error in sentencing in that the court did not fully understand the personal circumstances of the defendant, with particular reference to alcoholism, blackouts, and acts performed during blackouts." After conducting an evidentiary hearing, the court had determined that "[t]he defendant had a serious drinking problem" and that "[t]he defendant suffered 'blackouts' as defined by the expert witnesses." However, the court denied relief with respect to this evidence in 2000, having concluded that "[t]he mitigating factors, as clarified in the hearing, do not outweigh the aggravating factors."

marks." In contrast, however, the order makes no specific findings as to the newly presented bite mark testimony, other than to conclude that "taken together" with the DNA and alcoholism/blackout evidence, this evidence requires a new sentencing proceeding.

An important purpose of Rule 32.8(e) is to facilitate appellate review of superior court determinations regarding post-conviction relief. We cannot effectively analyze Tankersley's petition for review in the absence of specific findings about the newly discovered bite-mark evidence and why the superior court concluded that this evidence, considered together with what the court expressly found to be "inconclusive" DNA testing, probably would not have changed the result at trial with respect to Tankersley's convictions.

The supplemental petition for review is granted in part. This case is remanded to the superior court for further proceedings consistent with this order. The superior court shall enter "specific findings of fact" with respect to the evidence presented at the evidentiary hearing and shall "state expressly its conclusions of law relating to each issue considered," as required by Rule 32.8(e).

In all other respects, consideration of the supplemental petition for review is stayed. The stay previously entered concerning the petition for review continues in effect. Tankersley shall inform this Court when the superior court enters any further findings of fact and conclusions of law in response to this order. The parties may file any supplemental memoranda or petitions (not to exceed twenty pages in length) as may be appropriate within thirty days of the entry of any such further findings of fact and conclusions of law. The request for oral argument is continued.

